## Case No. 207a.

### ALLEGRO v. The NIAGARA.

[21 Betts D. C. MS. 89.]

District Court, S. D. New York. April Term, 1843.

COLLISION—VESSEL LYING IN TRACK OF NAVIGATION—IGNORANCE OF THE LANGUAGE.

[1. A vessel taking an anchorage so near a pier as to hinder the movement of other vessels cannot recover for damages received in a collision when she has failed to sheer on her anchor out of the way of the other vessel, that being the measure usual and proper under such circumstances to avoid danger.]

[2. It is no excuse that the vessel at anchor is foreign, and has no one aboard who understands the directions given by the approaching vessel.]

[In admiralty. Libel in rem by Vicenzo Allegro against the steamboat Niagara (Thomas C. Durant and others, claimants) for collision. Decree for respondents.]

BETTS, District Judge. The brig Time was anchored in the East river, opposite pier 8, not exceeding a distance of 200 feet from the piers, on a strong ebb tide. The steamboat was taking a tow of barges and boats from about pier 8 in the daytime, and gave notice to the brig to go into her berth or anchor further off to enable the steamboat and tows to get out. This is the usual course for vessels anchored near the slips to take to aid towing vessels, etc. The brig not being moored, she was requested to port her helm and sheer off to starboard, and she did so sufficiently to enable the steamer and her tows to pass ahead of her. The steamer was only able to go far enough ahead, for her barge towed astern, to go clear of the brig, and to her starboard side, being stopped by the other vessels at anchor ahead. Orders were then given to the brig to starboard her helm, and sheer back toward the dock to open room for the barge in tow to pass out. She continued her helm hard down, and the drift of the tide drove the stern barge against the starboard bows of the brig, and considerable damage was done her.

It was the duty of the brig, without notice or orders being given her, in her position and [considering] that of the steamer and her tows and the state of the tide, to have sheered upon her anchor in aid of the navigation of the steamer and her tows. Upon the evidence the collision could have been avoided by so doing. A vessel taking an anchorage in a place of frequent resort of other vessels, and in such a way as to impede their movements, or conduce to collisions with them, or if a vessel neglects applying the obviously proper and usual means of avoiding danger to herself or inflicting injury upon another vessel, approaching her, she cannot in either case cast upon the other vessel the consequences of that collision. Strout v. Foster, 1 How. [42 U. S.] 92; Crockett v. Riley, [Case No. 3,402a.] The brig can claim no exemption from liability to all the rules of navigation because she is a foreign vessel, and that no one on board her at the time understood English, so as to comprehend the orders or notice given her. It was a fault of her owners not to have her provided with mariners so important to her own and the safety of the other vessel.

The action cannot be maintained, and a decree must be rendered for the claimants, with costs.